UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | |
| HOST AMERICA CORPORATION | : | |
| SECURITIES LITIGATION | : | MASTER FILE NO. |
| | : | 3:05-cv-01250 (VLB) |
| | : | |
| | : | September 25, 2008 |

ORDER DENYING EXCLUSION OF "ROSEN OPT-OUTS"
FROM HOST AMERICA LITIGATION CLASS

Before the Court is the motion of the Rosen opt-outs for an order confirming their exclusion from the proposed Lockhart settlement and objection to proposed notice [Doc. #278]. The Court has declined to approve the Lockhart settlement [Doc. # 286] and therefore need not address the objection.

This case is a consolidation of numerous cases, all asserting violations of federal securities law in connection with trading in the stock of the corporate named defendant Host America Corp. [Doc. #5]. The issues arose when Host America Corp.'s stock price rose well above its historical high following the issuance by the company of a press release. The Securities and Exchange Commission instituted an investigation and suspended trading in the stock. After the investigation began the company retracted the press release. The stock price plummeted immediately after trading resumed. Various lawsuits were filed against Host America Corp. (hereinafter Host), its officers and directors and its 17% shareholder Roger Lockhart (Lockhart).

Host and the lead plaintiff negotiated a conditional settlement and sought certification of a class for settlement purposes only. On October 18, 2007 this court conditionally certified a class for the sole purpose of settling all claims against Host. [Doc. #207]. The notice of proposed settlement was expressly limited to Host and

specifically stated that the case would continue to be litigated against the other defendants, including Lockhart. [Notice ## 1 and 12]. Forty (40) of the forty-seven plaintiffs represented by the Rosen Law Firm (hereinafter Rosen) filed an opt-out form with the Court. These plaintiffs are hereinafter referred to as the "Rosen opt-outs."

Rosen asserts that the Rosen opt-outs excluded themselves from this action by filing, at the direction of the Court, individually executed requests for exclusion from the Host settlement class. The Rosen Firm argues that because each of the requests for exclusion from the class requested, in relevant part:

> I, [name of opt-out], hereby request exclusion from the Class In re Host America Corp. Securities Litigation - - Class Action, Docket No. 05-cv-1250 (VLB) and do not wish to be bound by any judgment therein . . .

they have opted out of the litigation all together.

The Court is unpersuaded.

### Opt out of Lockhart Action is Premature as the Court Has Not Certified a Class

The Court was neither asked to nor did it certify a class with respect to Lockhart. The order by its express terms certified a class for purposes of settling with Host only and expressly disavows any attempt to affect claims against any other defendant. [Doc. # 207]

The attempt to opt out of any class other than the Host settlement class is premature. Under In re Joint Eastern and Southern District Asbestos Litigation, 78 F.3d 764, 778 (2d Cir. 1996) "the question of whether a given group of plaintiffs should be allowed to opt out of a settlement of . . . litigation would depend on whether they received the protections accorded by Fed.R.Civ.P. 23." The Second Circuit also held that the only protection against unwilling inclusion in a class action involving plaintiffs with a basis for personal jurisdiction within the forum is given by Rule 23. Here, the Court has not undertaken any analysis with respect to the appropriateness of a class certification against Lockhart, let alone what form notice and an opportunity to opt out would take in a settlement with Lockhart. Rule 23

requires that the Court consider numerosity, commonality, typicality, and representation when it certifies a class, even for settlement. While the Court engaged in that analysis as to the settling defendants, there is no guarantee that such an analysis would lead to the same result as to Lockhart.

If the Court certifies a class and a settlement with Lockhart, all class members will have their chance to object at that time. The Court has already denied an attempt to settle claims against Lockhart without sending notice to the class [Doc. # 267]; procedures for opting out of any such settlement are equally undecided.

## The Opt-out Notice Did Not Afford an Opportunity to Opt-Out of a Class

By its terms, the class certification and, contextually, the opt-out, is limited to the Host settlement. The Court's rulings cannot reasonably be construed to permit opt out from the entire class action litigation. In its October 18, 2007 Memorandum of Decision the Court stated that "[r]equests for certification in the settlement context . . . must be carefully scrutinized by the court because of their inherent dangers." The Court also stated that, "Rule 23(b)(3), which governs the certification of a class in this case, provides that the court must find: that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." These issues have never been raised nor ruled on by the Court with respect to the claims against Lockhart. Until such time as the court engages in this analysis, any reference to the class action as

a whole involving all of the defendants in the consolidated Host America litigation is merely speculative.

**The Rosen Opt-outs Have Not Received the Requisite Notice Before Opt-out**

Exclusion of the Rosen opt-outs would deny them their right to the notice which the Court is charged with assuring they receive. By the very terms of Rule 23, both notice and the opportunity to opt out are mandatory in classes certified under section (b)(3): "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances. . .(v) that the court will exclude from the class any member who requests exclusion [and]; (vi) the time and manner for requesting exclusion." F.R.C.P. Rule 23(c)2(B). The clear intent of the rule is to include in a class all those who do not after notice elect to be excluded. The notice approved by the Court clearly stated that lead plaintiffs had not settled with Lockhart but were continuing litigation. [Notice at p. 5, ¶ 3]. Therefore, the Court holds that the Rosen opt-outs had no notice with respect to the Lockhart claims or that their opt-out in the Host settlement would affect their rights respecting those claims.

The facts of this case exemplify the propriety of giving notice to the individual class members. The Rosen Firm submitted a "request for exclusion" listing forty-seven (47) persons. [Doc. # 216] Aff., Ex 1. None of those persons had submitted a signed request, as required by the Court-ordered notice. Rosen asserted that its list was an adequate exclusion request on behalf of all 47 plaintiffs. Aff., Ex 4 at 3-4. At the fairness hearing, counsel stated:

> Our clients have clearly provided that we can opt them out. We're in regular communication with our clients. Our clients are aware they're being opt out. They requested us to file an opt out for them.

The Court duly rejected counsel's "request for exclusion" and ordered the Rosen clients who wanted to opt out to submit "proper requests for exclusion from

settlement" within 45 days. [Doc. # 241]. In fact only forty (40) of the Rosen firm's forty-seven (47) clients actually elected exclusion [Docs. ## 250, 252, 253] while seven (7) chose to be included in the Host settlement class. Class members who opted out of the Host settlement may elect to share in future settlements after receiving notice thereof, despite the arguments of the Rosen law firm.

For the foregoing reasons, the Court DENIES the request to confirm the exclusion of the Rosen opt-outs from this class as there is no class with respect to Lockhart and a proposed class member cannot opt out of a class action before Rule 23 analysis is undertaken. The Rosen opt-outs are entitled that notice be given to them before they are afforded opportunity to opt out. IT IS SO ORDERED.

          _____/s/_____
          Vanessa L. Bryant
          United States District Judge

Dated at Hartford, Connecticut: September 25, 2008.