UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE HOST AMERICA CORP. SECURITIES LITIGATION | : : : : | MASTER FILE NO. 05-CV-1250 (VLB) CLASS ACTION |
| This document relates to: ALL ACTIONS | : : : : : | November 19, 2008 |

## MEMORANDUM OF DECISION AND ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on February 13, 2008, as amended on August 19, 2008, the Lead Plaintiffs, on behalf of themselves and the Class, and defendant Roger D. Lockhart ("Lockhart"), the sole remaining defendant in the above-entitled action (the "Action"), entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto [Exhibits 1 through 4], sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Complaint for Violations of the Securities Laws ("complaint") [Doc. #142] on the merits and with prejudice as against Lockhart (the "Lockhart Settlement");

WHEREAS, the parties to the Stipulation having consented to the entry of this Order;

1

**WHEREAS**, the Court earlier approved a settlement in this action between Lead Plaintiffs and the Class with all defendants other than Lockhart (the "Partial Settlement") by Order dated February 5, 2008 ("Approval Order");

**WHEREAS**, the Court has read and considered the Stipulation and the accompanying documents;

**WHEREAS**, the Court by minute order dated June 12, 2008, earlier denied Lead Plaintiffs' Motion for Approval of Lockhart Contribution to Global Class Action Settlement [Doc. #267] as the parties had not presented sufficient facts to enable the Court to evaluate whether the Lockhart settlement was fair, and had not cited legal authority for the proposition that the Class need not be given notice of the Lockhart Settlement;

**WHEREAS**, the parties have corrected the deficiencies in their earlier request for approval, including by adopting provision for notice to the Class of the Lockhart Settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 19th day of November, 2008, that:

1. By the Approval Order, the Court found that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in the above captioned action: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Plaintiffs are typical of the claims of the Class they seek to represent; (d) the

**Class Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For the same reasons, the Court, for the purposes of the Lockhart Settlement only, hereby makes the same findings concerning the Class's claims against Defendant Lockhart.**

**2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, therefore, this Court conditionally certifies this Action, for purposes of this Lockhart Settlement, as a class action on behalf of all persons who purchased or otherwise acquired the common stock or warrants to purchase common stock of Host America ("Host America Securities") during the period between July 12, 2005 and July 22, 2005, inclusive (the "Class Period"), and were damaged thereby. This certification is conditional because, although Rule 23(a) and (b)(3) requirements have been met based on the facts presented, these facts may be substantiated or controverted at the settlement fairness hearing. Excluded from the Class are the Defendants, the officers and directors of Host America at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or at any time had a Controlling Interest. For purposes of this Settlement, the term "Controlling**

Interest" shall include any interest of 10% or more of the common stock, partnership interest or membership of any entity.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Lockhart Settlement only, Lead Plaintiffs Carolantic Partners, LLC, Christopher Ticknor, M.D., and Ayman Alshami, M.D., are certified as Class Plaintiffs.

4. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on February 26, 2009, at 10:00 a.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Lockhart Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, as against Defendant Lockhart and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Lockhart Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to approve or disapprove the Settlement with or without modification. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6. The Court approves the form, substance and requirements of the Supplemental Notice of Pendency of Class Action and Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") annexed hereto as Exhibit 1.

7. The Court previously approved the appointment of Garden City Group, Inc. as the Claims Administrator in its order of October 18, 2007 ("October 18, 2007 Order") [Doc. #205].

The Claims Administrator shall cause the Notice substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, on or before December 9, 2008, to all Class Members identifiable by the Claims Administrator from information it obtained in connection with the Partial Settlement. Plaintiffs' Lead Counsel shall, not fewer than five (5) days before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice.

8. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice under the circumstances, and shall constitute due and sufficient notice to the Class.

9. In order to be entitled to participate in the Net Settlement Fund, in the event the Lockhart Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) Class members who submitted a valid Proof of Claim form consistent with the Court's October 18, 2007 Order in connection with the prior Partial Settlement need not submit another Proof of Claim form to participate in the

**Lockhart Settlement and shall be deemed to be Authorized Claimants in, and subject to, the provisions of the Lockhart Settlement.**

**(b) For Class members who did not previously submit a valid Proof of Claim form or opted out of the earlier Partial Settlement:**

**i. A properly executed Proof of Claim (the "Proof of Claim") substantially in the form previously approved in the October 18, 2007 Order must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than March 20, 2009. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.**

**ii. The Proof of Claim submitted by each Class Member must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead**

Counsel; (c) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (d) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claims shall be accepted by the Claims Administrator, subject to petition for review by this court within ten (10) days of disapproval.

    iii. By filing a Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Lockhart Settlement) release all Settled Claims as provided in the Lockhart Stipulation.

    10. Class Members shall be bound by all determinations and judgments in this Action against Lockhart, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than December 19, 2008 to the address designated in the Notice. If sent by private delivery service, the request must be received by the Claims Administrator no later than December 22, 2008.

    Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to

be excluded from the Class in the Host America Corp. Securities Litigation – Class Action, Docket No. 05-cv-1250 (VLB), and must bear the original signature of such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of Host America Securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. A Class Member who sought exclusion from the earlier Partial Settlement must submit a new and valid request for exclusion if the Class Member wishes to be excluded from the Lockhart Settlement.

11. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12. The Court will consider comments and/or objections to the Lockhart Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut, 06103, and copies of all such papers are served, on or before January 20, 2008, upon each of the following: David R. Scott,

Esq., Scott + Scott LLP, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut 06415 on behalf of the Lead Plaintiffs and the Class; and Peter M. Casey, Esq., Greenberg Traurig, One International Place, Boston, Massachusetts 02110 on behalf of the defendant Lockhart.

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Lockhart Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Lockhart Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

13. As provided in the Stipulation, the Claims Administrator may be paid the reasonable and customary fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund up to the amount of $50,000 without further order of the Court.

14. If (a) the Lockhart Settlement is terminated by Defendants pursuant to ¶21 or ¶22 of the Stipulation; (b) any specified condition to the Lockhart Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Lead Counsel or Lockhart elect to terminate the Lockhart Settlement as provided the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed at 5:00 p.m. (Eastern Time), January 25, 2008.

15. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement. All capitalized terms used but not defined herein having the meanings ascribed thereto in the Stipulation [Doc. #245].

                                             _____/s/_____
                                             HONORABLE VANESSA L. BRYANT
                                             UNITED STATES DISTRICT JUDGE

Dated at Hartford, Connecticut: November 19, 2008.